IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PETER GAKUBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-1081-SMY |
| | ) | |
| | ) | |
| MATTHEW SWELLS, | ) | |
| CATHERINE WRIGHT, | ) | |
| NURSE PRACTITIONER #1, | ) | |
| JOHN/JANE DOES 1-50 VIENNA CC, | ) | |
| KAREN PANNIER, | ) | |
| JOHN BARWICK, | ) | |
| MR. HENDERSON, | ) | |
| SARAH ROBERTSON, | ) | |
| ANGELA MIZE, | ) | |
| APRIL WAMPLER, | ) | |
| DR. SHAH, | ) | |
| JOHN/JANE DOE 1-50 ROBINSON CC, | ) | |
| MICHELLE NEESE, | ) | |
| MS. HELREGEL, | ) | |
| PROPERTY MANAGER "LITTLE JOHN", | ) | |
| MS. DUNLAP, | ) | |
| AREDE JOHNSON, | ) | |
| TRANSFER COORDINATOR STAFF 1-20, | ) | |
| WEXFORD HEALTH SERVICES, | ) | |
| VIENNA CORRECTIONAL CENTER, | ) | |
| and ROBINSON CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Vienna Correctional Center ("Vienna"), brings this action pursuant to 42

1

U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims he was retaliated against in violation of the First Amendment for filing a lawsuit and, as a result, was transferred from Robinson Correctional Center ("Robinson") to Vienna. He also asserts claims of interference with his access to courts, deliberate indifference to his serious medical needs, and violations of his rights under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: In July 2019, while Plaintiff was housed at Robinson, Warden Michelle Neese was served a summons in *Gakuba v. Rains*, Case No. 19-cv-437-NJR (S.D.Ill.). (Doc. 1, p. 9). In retaliation for Plaintiff filing that lawsuit, Neese transferred him to Vienna, despite the fact that Plaintiff had previously been denied a transfer to Vienna in 2018 and Vienna lacks air-conditioning. Prior to his transfer, Plaintiff learned his security designation was "tinkered" with so that he could be transferred to Vienna. (*Id*. at p. 10). Plaintiff received a letter from April Wampler on August 29, 2019 informing him that the transfer was approved. (*Id*. at p. 11). He filed an emergency grievance on August 30, 2019. (*Id*.).

On August 30, 2019, Plaintiff suffered a nervous breakdown, which he is prone to due to his Asperger's. (Doc. 1, p. 11). He met with Dr. Helregel, the Chief Psychotherapist, and Dr. Shah. Dr. Shah dismissed Plaintiff's complaints of chest pains, dizziness, nausea, and fatigue and informed him they did not have the proper machinery, namely an EKG, to diagnose him. Dr. Shah refused Plaintiff's request for a medical hold but told him he would speak with the medical director about his condition. (*Id.*). Dr. Helregel told Plaintiff she spoke with Warden Brookhart and he told her he would meet with Plaintiff. Dr. Helregel advised Plaintiff that she had done all she could do for him.

Plaintiff tried to halt his prison transfer and had his mother contact Assistant Attorney General Arede Johnson (an attorney for Warden Neese in the *Rains* lawsuit) and offer to settle that case in exchange for stopping the prison transfer. (Doc. 1 p.12). Johnson informed Plaintiff's mother that the institution's administration was in charge of prison transfers. (*Id.*). Plaintiff was transferred to Vienna on September 4, 2019. (Doc. 1, p. 12).

Vienna lacks air-conditioning and Plaintiff has a susceptibility to heat strokes due to periocular face nevus (Doc. 1, pp. 9, 15). Plaintiff also has a debilitating back injury which causes him pain and requires a bottom bunk permit, spring bunk, and bed pad, but he has not been provided with these since arriving at Vienna. (*Id.* at pp. 9-10).

On September 5, 2019, Plaintiff filed three emergency grievances for heat stroke issues, the lack of a spring bunk and bed pad for his back condition, and the destruction of his legal documents during his transfer. (*Id.*). Those grievances were deemed non-emergencies by Warden Matthew Swells (*Id.* at p. 13). Plaintiff re-submitted the grievances as non-emergencies on September 5, 2019. (*Id.*).

Plaintiff viewed his legal documents on September 5, 2019 and learned that a number of them were destroyed. He spoke with Vienna's property manager, Catherine Wright, who informed him that she was upset and had never seen documents destroyed like this during a transfer. (*Id.* at p. 12). The documents were transferred by Robinson's property manager, Little John, who Plaintiff spoke with on September 3, 2019. At that time, Little John complained that Plaintiff had 14 boxes totaling approximately 40 pounds, and that he did not have enough durable plastic boxes to protect Plaintiff's contents. Instead, he placed Plaintiff's documents in cardboard copy paper boxes that were taped shut. Plaintiff also takes issue with the location of his property boxes at Vienna because Vienna's property boxes are held two blocks away from the prison in a property warehouse and Plaintiff is unable to access his documents due to his back injury. (*Id.* at p. 16).

Plaintiff submitted two additional emergency grievances on September 9, 2019 regarding an allergy to seafood and his legal documents being stored in the property warehouse. (Doc. 1, p. 13). Swells also deemed those grievances non-emergencies. (*Id.*). Plaintiff previously spoke with Vienna's dietary supervisor Mr. Henderson about his allergy to seafood. (*Id.*). He asked to be placed on a no-seafood diet but Mr. Henderson informed Plaintiff that Vienna did not have special need diets.

On September 10, 2019 Plaintiff suffered a heat stroke at Vienna and was placed in the healthcare unit until September 11, 2019. (Doc. 1, p. 12). Plaintiff was removed from the healthcare unit when Nurse Practitioner Alisa deemed him stable.

Since transferring to Vienna, Plaintiff has also had limited access to the law library. (Doc. 1, p. 14). While at Robinson, Plaintiff received one call pass for 90-120 minutes, four days a week due to the number of cases he had pending. (*Id.*). At Vienna, librarian Karen Pannier only allows Plaintiff 1 visit per week of 60-90 minutes which is unreasonable given the number of cases

Plaintiff has pending. (*Id*.). Catherine Wright has also limited Plaintiff's access to his legal documents to 30 minutes per week. (*Id*. at p. 17).

Plaintiff submitted a trust fund form he received from the Court to Vienna's trust fund officer, Angela Mize, who marked the form in red ink and returned it, telling him to submit a new form. This interfered with Plaintiff's access to the courts because he did not have a second form and was therefore unable to submit his prison trust fund account to the Court for consideration along with his *in forma pauperis* motion. (Doc. 1, p. 14).

Based on the allegations in the Complaint, the Court finds it convenient to organize the claims in this *pro se* action into the following Counts:

> **Count 1:** **First Amendment claim against April Wampler, Michelle Neese, and Arede Johnson for transferring Plaintiff to Vienna Correctional Center in retaliation for Plaintiff's suit in *Gakuba v. Rains*, Case No. 19-cv-437-NJR (S.D.Ill.).**
>
> **Count 2:** **Fourteenth Amendment equal protection claim against April Wampler and Michelle Neese for transferring Plaintiff to Vienna.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against Dr. Shah and Dr. Helregel for the treatment of Plaintiff's nervous breakdown.**
>
> **Count 4:** **Medical negligence and/or medical malpractice claim against Dr. Shah and Dr. Helregel for the treatment of Plaintiff's nervous breakdown.**
>
> **Count 5:** **First Amendment and/or Fourteenth Amendment access to courts claim against Little John for the destruction of Plaintiff's legal documents during the transport from Robinson Correctional Center.**
>
> **Count 6:** **Eighth Amendment deliberate indifference claim against Mr. Henderson for refusing to place Plaintiff on a no-seafood diet despite his allergies.**
>
> **Count 7:** **Eighth Amendment deliberate indifference claim against Nurse Practitioner Alisa for the treatment of Plaintiff's heat stroke.**

**Count 8:** Medical negligence and/or medical malpractice claim against Nurse Practitioner Alisa for the treatment of Plaintiff's heat stroke.

**Count 9:** ADA and RA claim for Vienna Correctional Center's lack of air conditioning, access to spring bunks and bed pads, and access to legal documents.

**Count 10:** First and/or Fourteenth Amendment access to courts claim against Catherine Wright and Karen Pannier for limiting his access to the law library and legal documents at Vienna Correctional Center.

**Count 11:** First and/or Fourteenth Amendment access to courts claim against Angela Mize for destroying Plaintiff's trust fund form.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

Plaintiff names John/Jane Does 1-50 at both Robinson and Vienna and Transfer Coordinator Staff 1-20 as Defendants in this action, but does not make sufficient allegations to state a claim against them. Merely invoking the names of potential defendants (or a group of them) by listing them in the case caption is not enough to state a claim. *Collings v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, a plaintiff must associate each defendant with specific acts of misconduct or omissions in order to put each defendant on notice of which claims in the Complaint are directed against him or her. *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Accordingly,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

John/Jane Does 1-50 at Robinson, John/Jane Does 1-50 at Vienna, and Transfer Coordinator Staff 1-20 are **DISMISSED without prejudice** from this action.

Additionally, Vienna Correctional Center and Robinson Correctional Center are listed as parties in Plaintiff's caption but are not proper parties to this action. This is because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Thus, Vienna and Robinson are not "person[s]" within the meaning of the Civil Rights Act and are **DISMISSED** from this case **with prejudice**. *See Will,* 491 U.S. at 71.

Plaintiff attempts to hold Wexford Health Services liable for the actions of their employees under a theory of *respondeat superior*. (Doc. 1, p. 17). But the corporation cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any such policy or practice. Therefore, Wexford is also **DISMISSED without prejudice**

Plaintiff also attempts to bring claims for intentional infliction of emotional distress, gross negligence, and illegal tort conversion, but offers only conclusory statements to support these claims, which is legally insufficient. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, these claims are **DISMISSED without prejudice.**

Finally, Plaintiff's allegations suggesting that Matthew Swells is liable for labeling his grievances as non-emergencies fail to state a claim. In order to be held individually liable, a

7

defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Further, the denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Here, Plaintiff does not allege any personal involvement by Swells in the underlying conduct that prompted the grievances. Accordingly, Plaintiff fails to state a viable claim against Swells and he is **DISMISSED without prejudice**.

### Conspiracy Claim

Plaintiff also alleges a vast conspiracy among a number of individuals at Vienna, Robinson, and the Illinois Attorney General's Office. Allegations of a conspiracy have routinely been held to a higher pleading standard than other allegations. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). Mere conclusions and allegations suggesting there is only a suspicion of a conspiracy do not suffice. Here, Plaintiff attempts to tie nearly all named defendants to each of his claims by simply including the phrase, "individually and/or jointly conspired". (Doc. 1, pp. 15-17). This is insufficient to plead a conspiracy claim. Accordingly, to the extent Plaintiff alleges that all defendants conspired to violate his constitutional rights, those claims are **DISMISSED without prejudice.** Further, to the extent that Plaintiff seeks to add defendants that were not personally involved in the listed Counts by simply alleging that they "jointly conspired", those claims are also dismissed.[2] As John Barwick, Sarah Robertson, and Mrs. Dunlap are listed as part of the alleged conspiracy only, without any facts suggesting they were personally involved in any of the alleged constitutional violations, they are also **DISMISSED without prejudice**.

---

[2] The Court lists only those Defendants in the enumerated Counts which Plaintiff has factually stated were personally involved in the constitutional violation.

## Severance

Plaintiff asserts at least four distinct set of claims against different defendants. His claims related to the lack of air conditioning and ADA violations at Vienna Correctional Center (Counts 7, 8, and 9) are unrelated to his claims related to his transfer from Robinson Correctional Center (Counts 1, 2, 3, 4, and 5), his claim regarding his seafood allergy (Count 6), and his access to court claims (Counts 10 and 11). These four groups of claims involve different defendants, separate transactions or occurrences, no common questions of fact, distinct legal theories, and arose at different prisons.

These claims cannot proceed in the same lawsuit. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. And courts have broad discretion under Rule 21 when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). This Court will exercise its discretion and sever the claims into three additional lawsuits:

**Severed Case No. 1:**

Count 1: First Amendment claim against April Wampler, Michelle Neese, and Arede Johnson for transferring Plaintiff to Vienna Correctional Center in retaliation for Plaintiff's suit in *Gakuba v. Rains*, Case No. 19-cv-437-NJR (S.D.Ill.).

Count 2: Fourteenth Amendment equal protection claim against April Wampler and Michelle Neese for transferring Plaintiff to a non-air-conditioned prison.

Count 3: Eighth Amendment deliberate indifference claim against Dr. Shah and Dr. Helregel for the treatment of Plaintiff's nervous breakdown.

Count 4: Medical negligence and/or medical malpractice claim against Dr. Shah and Dr. Helregel for the treatment of Plaintiff's nervous breakdown.

Count 5: First Amendment and/or Fourteenth Amendment access to courts claim against Little John for the destruction of Plaintiff's legal documents during the transport from Robinson Correctional Center.

**Severed Case No. 2:**

Count 6: Eighth Amendment deliberate indifference claim against Mr. Henderson for refusing to place Plaintiff on a no-seafood diet despite his allergies.

**Severed Case No. 3:**

Count 10: First and/or Fourteenth Amendment access to courts claim against Catherine Wright and Karen Pannier for limiting his access to the law library and legal documents at Vienna Correctional Center.

Count 11: First and/or Fourteenth Amendment access to courts claim against Angela Mize for destroying Plaintiff's trust fund form.

The Clerk of Court will be directed to open Severed Case Nos. 1, 2 and 3. The remaining claims (Counts 7, 8 and 9) will remain in this action and are subject to threshold review below.

**Merits Review of Counts 7, 8 and 9**

**Counts 7 and 8**

Plaintiff fails to state a viable deliberate indifference or medical malpractice claim against Nurse Practitioner Alisa. Plaintiff alleges he suffered from a heatstroke on September 10, 2019 and that he remained in the healthcare unit until September 11, 2019. He further alleges that on September 11, 2019, Alisa found that he was stable and returned him to his cell. Plaintiff's allegations do not amount to deliberate indifference or even negligence. There is no indication in the Complaint that his condition was not stable at the time Alisa released him. Although Plaintiff alleges that he objected to being released from the healthcare unit, his mere disagreement with the

course of treatment does not amount to deliberate indifference. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Further, while Plaintiff alleges he was improperly housed in a facility without air conditioning and was not provided a bed pad for his back injury (Doc. 1, p. 17), his allegations do not suggest that Alisa was personally involved in those decisions. Accordingly, Counts 7 and 8 will be **DISMISSED without prejudice**.

### Count 9

Pursuant to the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). Likewise, the Rehabilitation Act ("RA") prohibits discrimination against qualified individuals based on a physical or mental disability. *See,* 29 U.S.C. §§ 794-94e. The analysis is the same under both statutes except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Department of Corrections*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted).

Plaintiff claims he is a qualified person with a disability due to his back injury and periocular face nevus skin disease that makes him susceptible to heat. He alleges he was transferred to a prison without air conditioning which causes him heat strokes, that he was not provided with a bed pad for his back condition, and that he does not have access to his legal materials because they are housed in a separate warehouse and are extremely heavy. These allegations are sufficient to articulate a colorable ADA and/or RA claim. Although Plaintiff

connects a number of individuals to his ADA/RA claim, Defendant Rob Jeffreys, in his official capacity as the current Director of IDOC, is the proper defendant. *See,* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Accordingly, Plaintiff will be allowed to proceed with Count 9 against Rob Jeffreys in his official capacity.

### Preliminary Injunction

Plaintiff alleges that Vienna is not ADA accessible and seeks a preliminary injunction requiring his transfer to a prison that meets his disability needs. Accordingly, Defendant Jeffreys is **DIRECTED** to respond to the Motion for Preliminary Injunction (Doc. 4) by **December 2, 2019.**

Plaintiff has also filed a Second Motion for Equitable Relief, Temporary Restraining Order (Doc. 14) regarding his diet. Because that claim (Count 6) is being severed into a new case, the Clerk of Court is **DIRECTED** to file the motion in the newly severed case.

### Motion to Consolidate

Plaintiff's Motions to Consolidate (Docs. 8 and 12) seek to consolidate Plaintiff's case with his other pending case, *Gakuba v. Rains*, Case No. 19-cv-437-NJR (S.D.Ill.). Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:

(1) joint for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any orders to avoid unnecessary cost or delay.

The purpose behind consolidation is to promote judicial efficiency. *Id*.; *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). Consolidation of this case with Plaintiff's other pending case would not serve that purpose.

Plaintiff's remaining claims in this case focus on accessibility at Vienna given Plaintiff's disabilities while Plaintiff's claims in *Rains* involve his access to the courts while at Robinson. Obviously, those claims do not involve common questions of law and fact such that consolidation would promote judicial efficiency. Therefore, Plaintiff's Motions to Consolidate (Docs. 8 and 12) are **DENIED**

### Motion for Counsel

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent a number of letters to attorneys seeking representation. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, the Court notes that Defendant has not yet been served nor has a discovery schedule been entered. Thus, counsel is not needed at this early stage. Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

**IT IS HEREBY ORDERED** that Counts 1, 2, 3, 4, and 5 are **SEVERED** into a new case against April Wampler, Michelle Neese, Arede Johnson, Dr. Shah, Dr. Helregel, and Little John.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**IT IS ORDERED** that Count 6 is **SEVERED** into a new case against Mr. Henderson. The Clerk is **DIRECTED** to file Plaintiff's Second Motion for Equitable Relief (Doc. 14) in that newly severed case.

**IT IS ORDERED** that Counts 10 and 11 are **SEVERED** into a new case against Catherine Wright, Karen Pannier, and Angela Mize.

The Clerk is **DIRECTED** to file the following documents into each newly-severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed in forma pauperis (Doc. 2);

3) Motion for Recruitment of Counsel (Doc. 3); and

4) This Memorandum and Order.

**IT IS ORDERED** that John/Jane Does 1-50 at Vienna, John/Jane Does 1-50 at Robinson, Transfer Coordinator Staff 1-20, Wexford Health Services, Vienna Correctional Center, Robinson Correctional Center, Ms. Dunlap, John Barwick, Matthew Swells, and Sarah Robertson are **DISMISSED** from this action. The Clerk is **DIRECTED** to **TERMINATE** these individuals from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. The Clerk is **DIRECTED** to add Rob Jeffreys (official capacity only) as a Defendant for the purposes of Plaintiff's ADA and RA claim.

**IT IS ORDERED** that the only claims remaining in this action are Counts 7, 8, and 9 against Nurse Practitioner Alisa and Rob Jeffreys. Counts 7 and 8 against Nurse Practitioner Alisa are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate her from the CM/ECF system.

The Clerk of Court shall prepare for Defendant Rob Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

> */s/ Staci M. Yandle*
> **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**